UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WOODROW BARNES,

                  Plaintiff,                        Case Number 10-12973
                                              Honorable David M. Lawson
v.                                          Magistrate Judge Mark A. Randon

COMMISSIONER OF SOCIAL SECURITY,

                  Defendant.
_____/

## OPINION AND ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION TO REMAND, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AFFIRMING THE COMMISSIONER, AND DISMISSING THE COMPLAINT

The plaintiff filed the present action on July 28, 2010 seeking review of the Commissioner's decision denying the plaintiff's claims for a period of disability and disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI of the Social Security Act. The case was referred to United States Magistrate Judge Mark A. Randon pursuant to 28 U.S.C. § 636(b)(1)(B) and E.D. Mich. LR 72.1(b)(3). Thereafter, the plaintiff filed a motion to remand the case for further proceedings pursuant to 42 U.S.C. § 405(g). The defendant filed a motion for summary judgment requesting affirmance of the decision of the Commissioner. Magistrate Judge Randon filed a report on July 18, 2011 recommending that the plaintiff's motion to remand be denied, the defendant's motion for summary judgment be granted, and the findings of the Commissioner be affirmed. The plaintiff filed timely objections to the recommendation and the defendant filed a response. This matter is now before the Court.

The Court has reviewed the file, the report and recommendation, the plaintiff's objections, and the defendant's responses thereto and has made a *de novo* review of the administrative record

in light of the parties' submissions.  The plaintiff argues that the Administrative Law Judge (ALJ) failed to account for the plaintiff's difficulties with concentration, persistence, or pace and severe back problems when formulating his hypothetical question to the vocational expert who testified at the administrative hearing.  He relies heavily on *Ealy v. Commissioner of Social Security*, 594 F.3d 504 (6th Cir. 2010), in which the Sixth Circuit held that pace-based restrictions must be accounted for in the hypothetical question when a claimant is found to have moderate difficulties in concentration or pace.  The plaintiff also argues that the magistrate judge's report incorrectly concluded that the ALJ included in the hypothetical question all the limitations to the plaintiff's residual functional capacity that were supported by the administrative record.  The plaintiff contends that because a State Agency document reports a moderate limitation in the plaintiff's ability to complete a normal workday and perform at a consistent pace, the magistrate judge's determination that the plaintiff's pace-based limitations were accounted for was not supported by substantial evidence.  The plaintiff also contends that because the ALJ did not address a report of a physical examination showing a limited range of motion in the plaintiff's spine, the ALJ's comment on the absence of objective medical evidence of the plaintiff's back problems was not based on substantial evidence.

The plaintiff, who is now fifty-one years old, filed his applications for disability insurance benefits and supplemental security income on July 10, 2007 when he was forty-seven. The plaintiff completed tenth grade, and he was previously employed as a laborer for approximately three months between February and May 2006.  Prior to his employment as a laborer, the plaintiff had worked as a torch man for approximately twenty years, a cement mixer for approximately two years, an iron

cutter for approximately three years, and a maintenance man for approximately three years.  Most of that work was unskilled and required heavy exertion.

The plaintiff last worked in May of 2006.  He also spent time in prison in the late 1990s and 2008, but he was paroled in January 2009 and had accumulated sufficient quarters of coverage to secure insured status under Title II through March 31, 2009.  The plaintiff alleges that his disability began on April 15, 2004,  and the ALJ found that the plaintiff had not engaged in substantial gainful activity since that date.  The plaintiff has been diagnosed with depression, cocaine dependency, and back pain and takes a variety of medications for his mental and physical ailments.

The plaintiff's application for disability insurance benefits was denied initially on September 24, 2007.  The plaintiff made a timely request for an administrative hearing.  On July 7, 2009, the plaintiff appeared before ALJ Ayrie Moore when he was forty-nine years old.  ALJ Moore filed a decision on October 20, 2009 in which she found that the plaintiff was not disabled.  The ALJ reached that conclusion by applying the five-step sequential analysis prescribed by the Secretary in 20 C.F.R. §§ 404.1520 and 416.920.  The ALJ found that the plaintiff had not engaged in substantial gainful activity since April 15, 2004 (step one); the plaintiff suffered a congenital lumbar spine deformity, asthma, chronic obstructive pulmonary disorder, depression, borderline intellectual functioning, impulse control disorder and cocaine abuse in remission, impairments that were "severe" impairments under the Social Security Act (step two); none of these impairments alone or in combination met or equaled a listing in the regulations (step three); and the plaintiff was incapable of performing past relevant work as a torchman, which was an unskilled heavy job (step four).

In applying the fifth step, the ALJ concluded that the plaintiff had the residual functional capacity to perform light work with certain restrictions.  The ALJ found that the plaintiff could

perform light work that involves simple, routine, repetitive tasks; no concentrated exposure to pulmonary irritants; no reading or writing; no bending from the waist to the floor; minimal changes in the work routine, work tasks, or work environment; occasional postural activities such as climbing, balancing, stooping, kneeling, crouching, and crawling; incidental contact with the public; and only occasional contact with co-workers. The ALJ also found that the plaintiff can be around or work near other co-workers but cannot work collaboratively with them. A vocational expert testified that there were several jobs that fit within those limitations, including food preparation worker, housekkeeper, and assembler, and those jobs exist in a significant number in Michigan. Based on these findings and using the Medical Vocational Guidelines found at 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 202.17 as a framework, the ALJ concluded that the plaintiff was not disabled within the meaning of the Social Security Act. Following the decision by the ALJ, the plaintiff appealed to the Appeals Council, which denied the plaintiff's request for review on July 6, 2010.

The law governing review of Social Security benefits denials is clear, and the parties do not dispute the basics. Nonetheless, the Court sets out the principles here for reference. The plaintiff has the burden to prove that he is disabled and therefore entitled to benefits. *Boyes v. Sec'y of Health & Human Servs.,* 46 F.3d 510, 512 (6th Cir. 1994); *Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990). Under 42 U.S.C. § 423(d)(1)(A), (2)(A), a person is disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment" and the impairment is so severe that the person "is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful activity which exists in the national economy." *Ibid.*

-4-

The Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Lindsley v. Comm'r of Soc. Sec.*, 560 F.3d 601, 604 (6th Cir. 2009) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted)); *see also Lashley v. Sec'y of Health & Human Servs.*, 708 F.2d 1048, 1053 (6th Cir. 1983). The reviewing court must affirm the Commissioner's findings if they are supported by substantial evidence and the Commissioner employed the proper legal standard. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007); *Elam ex rel. Golay v. Comm'r of Soc. Sec.*, 348 F.3d 124, 125 (6th Cir. 2003); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). This Court may not base its decision on a single piece of evidence and disregard other pertinent evidence when evaluating whether substantial evidence exists in the record. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978). Therefore, where the Commissioner's decision is supported by substantial evidence, it must be upheld even if the record might support a contrary conclusion. *Smith v. Sec'y of Health & Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). The substantial evidence standard "presupposes that there is a zone of choice within which the decisionmakers can go either way, without interference by the courts." *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (en banc) (internal quotes and citations omitted).

When deciding under 42 U.S.C. § 405(g) whether substantial evidence supports the ALJ's decision, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984) (citation omitted); *see also Jordan v. Comm'r of Soc. Sec.*, 548 F.3d 417, 422 (6th Cir. 2008); *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001). Instead, the Court must uphold "the ALJ's decision . . . if there is 'such

relevant evidence as a reasonable mind might accept' as sufficient to support the ALJ's conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) (quoting *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (citation omitted)). "The substantial evidence standard is less exacting than the preponderance of evidence standard." *Ibid*. (citing *Bell v. Comm'r of Soc. Sec.*, 105 F.3d 244, 246 (6th Cir. 1996)). If the ALJ's decision is supported by substantial evidence, reversal or remand would not be warranted even if substantial evidence supports the opposite conclusion. *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005).

The crux of the plaintiff's first argument is that the ALJ found that the plaintiff had a mental impairment that resulted in "moderate difficulties" in concentration, persistence, and pace, Tr. 19, and therefore that limitation must be included in the description of the plaintiff's residual functional capacity. This argument is based on the general proposition that a hypothetical question posed to a vocational expert must include a "complete assessment of [the claimant's] physical and mental state and should include an accurate portrayal of [his] individual physical and mental impairments." *Howard v. Comm'r of Soc. Sec.,* 276 F.3d 235, 239 (6th Cir. 2002) (internal quotes and alterations omitted); *see also Varley v. Sec'y of Health & Human Servs.,* 820 F.2d 777, 779 (6th Cir. 1987). To sharpen the point, however, the plaintiff is *not* arguing that the ALJ erred by failing to find a deficit in concentration, persistence, and pace based on the plaintiff's testimony at the administrative hearing. That argument would be subject to the rule that "an ALJ is not required to accept a claimant's subjective complaints and may properly consider the credibility of a claimant when making a determination of disability," and "can present a hypothetical to the [vocational expert] on the basis of his own assessment if he reasonably deems the claimant's testimony to be inaccurate." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 476 (6th Cir. 2003). Instead, the plaintiff contends that

-6-

the hypothetical question was defective because the ALJ actually found the concentration- and pace-based impairment to exist but did not account for it in her question to the vocational expert.

In *Ealy v. Commissioner of Social Security*, the Sixth Circuit considered a Social Security appeal in which the claimant was found to have similar restrictions by both the ALJ and a consultative psychologist, but the ALJ's hypothetical question to the vocational expert included only a single mental limitation, restricting the plaintiff "to simple, repetitive type jobs in a non-public work setting." 594 F.3d at 511. The court found the question inadequate, concluding that "[t]he ALJ's streamlined hypothetical omitted these speed- and pace-based restrictions completely." *Id.* at 516. The court held that the plaintiff's "limitations were not fully conveyed to the vocational expert." *Ibid.* The court cited with approval *Edwards v. Barnhart*, 383 F. Supp. 2d 920, 930–31 (E.D. Mich. 2005), in which the court determined that a hypothetical question limiting the claimant to "jobs entailing no more than simple, routine, unskilled work" was not adequate to convey the claimant's moderate limitation in ability to concentrate, persist, and keep pace found by the ALJ.

The Commissioner argues that the limitations incorporated into the hypothetical question covered the impairment in this case, reasoning that the factual basis for the ALJ's finding was primarily a problem with concentration detected during a consultative examination in which the plaintiff had difficulty with a test requiring him to recite serial sevens and threes and to perform mathematical calculations. *See* Tr. 19, 451. The ALJ included the following limitations to address the impairment: simple, routine, repetitive tasks; no reading or writing; minimal changes in the work routine, work tasks, and work environment; incidental contact with the public; occasional contact with co-workers; but no collaboration with them. Tr. 20.

Based on a review of the record, the Court agrees that the main substance of the plaintiff's mental impairment as found by the ALJ is a defect in concentration skills and persistence. Unlike the psychological opinion in *Ealy*, the report in this case does not provide a basis to conclude that the plaintiff has a deficit in his ability to keep pace. The restrictions conveyed to the vocational expert are somewhat broader than those in *Edwards* in that the plaintiff was not only limited to simple, routine, repetitive tasks, but he also was restricted to a static work environment in which there would be minimal changes in the work routine and work tasks. Such work may be considered monotonous, and thereby would not require much concentration or persistence to complete the job tasks. The Court believes that the restrictions included in the hypothetical question adequately communicated to the vocational expert the limitations in the plaintiff's capacity as found by the ALJ. *See Adams v. Comm'r of Soc. Sec.,* No. 10-10022, 2011 WL 63495, at *2 n.3 (E.D. Mich. Jan. 6, 2011) (observing that "[c]oncentration disorders have two aspects: the frequency of concentration lapses, and the sophistication of the work that can be performed within the limitation. . . . The ALJ's hypothetical in this case includes practical limitations that would reduce the occasions for distraction during work, such as jugging multiple tasks and interacting with other workers." (citing *Benton v. Comm'r of Soc. Sec.*, 511 F. Supp. 2d 842 (E.D. Mich. 2007))).

The plaintiff's second argument focuses on a physical impairment (his back pain) and the ALJ's mistake in reading a medical report in the administrative record. The ALJ read a September 12, 2007 report of a consultative examination as stating that the plaintiff had full range of motion in his extremities and lumbar spine, when in fact the report showed restricted motion. The magistrate judge concluded that the ALJ's mistake was inconsequential and there was abundant

other evidence in the record to support the ALJ's credibility determination.  The Court agrees with the magistrate judge's analysis.

After a *de novo* review of the entire record and the materials submitted by the parties, the Court concludes that the magistrate judge properly reviewed the administrative record and applied the correct law in reaching his conclusion.  The Court has considered all of the plaintiff's objections to the report and finds them to lack merit.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt. #15] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt. #16] are **OVERRULED**.

It is further **ORDERED** that the plaintiff's motion to remand [dkt #12] is **DENIED**.

It is further **ORDERED** that the defendant's motion for summary judgment [dkt. #13] is **GRANTED**.

It is further **ORDERED** that the findings of the Commissioner are **AFFIRMED**.

It is further **ORDERED** that the plaintiff's complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   September 22, 2011

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on September 22, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL

---